

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 02, 2016.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-52613 |
| | § | |
| GEORGE ALLEN DRISKELL, JR. and | § | |
| ALEJANDRA ALVAREZ DE DYER, | § | |
| | § | CHAPTER 7 |
| Debtors. | § | |
| STATE OF TEXAS, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 15-05076 |
| | § | |
| | § | |
| GEORGE ALLEN DRISKELL, JR. and | § | |
| ALEJANDRA ALVAREZ DE DYER, | § | |
| Defendants. | § | |

### ORDER GRANTING, IN PART, AND DENYING, IN PART, THE STATE OF TEXAS'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14)

1

Came on to be considered the above-captioned adversary proceeding and, in particular, Plaintiff State of Texas's Motion for Summary Judgment (ECF No. 14)[1] filed February 5, 2016 and Defendants George Allen Driskell, Jr. and Alejandra Alvarez De Dyer's Response thereto (ECF No. 20). The Court held a hearing on this matter on March 29, 2016, after which the Court took the matter under advisement. After considering the pleadings filed, the parties' arguments, and summary judgment evidence, the Court finds that Plaintiff State of Texas's Motion for Summary Judgment (ECF No. 14) should be GRANTED, in part, and DENIED, in part.

## JURISDICTION

As an initial matter, the Court finds that it has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 1334. This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(J) (objections to discharge). The Court finds venue is proper under 28 U.S.C. § 1408(1). This matter is referred to the Court pursuant to the District's Standing Order of Reference.

## BACKGROUND

George Allen Driskell, Jr. and Alejandra Alvarez De Dryer (the "Defendants") operated Alejandra Dyer D/B/A Alejandra Driskell Legal Assistance Service ("Legal Assistance Services"). At some point during 2014, the State of Texas commenced an investigation of Legal Assistance Services for alleged violations of the Texas Deceptive Trade Practices Act.

Defendants initially filed a chapter 13 bankruptcy proceeding in April 2012 that was dismissed for failure to make plan payments on October 1, 2014. Case No. 12-51371 (ECF Nos. 1 and 38). Defendants filed their chapter 7 petition on October 14, 2014. Case No. 14-52613 (ECF No. 1). Defendants filed their original Schedules and Statement of Financial affairs with their petition on October 14, 2014. Case No. 14-52613 (ECF No. 1). On December 11, 2014,

---

[1] Unless otherwise provided, all ECF Nos. are in reference to the docket in Adv. Case No. 15-05076.

Defendants filed an Amended Schedule B. Case No. 14-52613 (ECF No. 28). On April 8, 2015, Defendants filed an Amended Schedule F and Amended Schedule B. Case No. 14-52613 (ECF Nos. 73, 74). On June 23, 2015, Defendants filed an Amended Statement of Financial Affairs. Case No. 14-52613 (ECF No. 89).

The initial deadline for to object to Defendants' discharges or to move to determine dischargeablity of debt was January 12, 2015. Case No. 14-52613 (ECF No. 3). This deadline was extended by order of the Court first to June 12, 2015; then to July 13, 2015; and again to October 12, 2015. Case No. 14-52613 (ECF Nos. 3, 39, 99). On September 25, 2015, the State of Texas commenced this adversary proceeding (ECF No. 1). On October 21, 2015, Defendants filed their Answer (ECF No. 4). The State of Texas filed this Motion for Summary Judgment on February 5, 2016 and Defendants timely filed their Response thereto on February 24, 2016 (ECF Nos. 14, 20).

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

Federal Rule of Bankruptcy Procedure 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to adversary proceedings. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If summary judgment is appropriate, the Court may resolve the case as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994). The Fifth Circuit has stated "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon evidence before the court." *James v. Sadler*,

3

909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

To the extent that the non-moving party asserts the existence of factual disputes, the evidence offered by the non-moving party to support those factual contentions must be of a quality sufficient so that a rational fact finder might, at trial, find in favor of the non-moving party. *Matsushita*, 475 U.S. at 585–87 (1986) (non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) ("adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial"). If the record "taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007). In determining whether a genuine issue of material fact exists, the non-moving party must respond to a proper motion for summary judgment with specific facts demonstrating that such genuine issue exists. A genuine issue of material fact is not raised by mere conclusory allegations or bald assertions unsupported by specific facts. *Leon Chocron Publcidad Y Editoria, S.A. v. Jymm Swaggart Ministries*, 990 F.2d 1253 (5th Cir. 1993).

Defendants are appearing without the assistance of counsel in this adversary proceeding. Courts generally construe pro se litigants' pleadings liberally. *Mutuba v. Halliburton Co.*, 949 F. Supp. 2d 677, 681 (S.D. Tex. 2013). Nonetheless, pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment. *Id*. (internal citations omitted). The State of Texas notes that because Defendants have not provided answers to Requests for Admission, these requests are deemed admitted pursuant to Federal Rule of Bankruptcy Procedure 7036 and Federal Rule of Civil Procedure 36(a)(3). *See* F.R.C.P. 36(a)(3)

(providing that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney") and State of Texas's Discovery Requests, December 22, 2015 ("TX Ex. C") (indicating that discovery requests were served on Defendants on December 22, 2015 and as of February 4, 2016 no responses were provided). The Court finds that it can grant summary judgment on deemed admissions even where a litigant is appearing pro se. ***Cottrell v. Career Inst. Inc.***, 1 F.3d 1237, at *1 (5th Cir. 1993) (unpublished).

### DISCUSSION

The State of Texas alleges that Defendants' discharges should be revoked under 11 U.S.C. §§ 727 (a)(3) for failure to keep or preserve books and records; (a)(4)(A) for false schedules, statements of financial affairs, and false testimony; (a)(5) for failure to provide a satisfactory explanation for the loss or deficiency of assets; and (a)(2) for failure to disclose assets. Section 727(a)[2] provides that a court must grant a discharge unless one or more grounds for denial of discharge under § 727(a)(1)–(12) is proven to exist. The burden of proving a denial of discharge under § 727(a)(1)–(12) is by a preponderance of the evidence. ***Beaubouef v. Beaubouef*, (*In re Beaubouef*)**, 966 F.2d 174, 178 (5th Cir. 1992).

I.  **Defendants are denied a discharge pursuant to § 727(a)(3).**

Section 727(a)(3) entitles individual debtors to a discharge unless "the debtor has . . . failed to keep or preserve any recorded information . . . from which the debtor's financial condition . . . might be ascertained, unless such . . . failure . . . was justified under all the circumstances." In doing so, a plaintiff must show by a preponderance of the evidence that the defendant failed to keep or preserve financial records and the failure to do so prevented a party from ascertaining the defendant's financial condition or business transactions. ***Robertson v.***

---

[2] Unless otherwise provided, all statutory references herein are to 11 U.S.C., *et seq.*

5

*Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003). Once a plaintiff establishes a prima facie case, the defendant has the burden of establishing that his failure to keep adequate records was justified under all circumstances of the case. *Atofina Petrochemicals, Inc. v. Lee* (*In re Lee)*, 309 B.R. 468, 477–78 (Bankr. W.D. Tex. 2004). A debtor's financial records need not contain "full detail," but "there should be written evidence" of the debtor's financial condition. *Goff v. Russell Co. (In re Goff)*, 495 F.2d 199, 201 (5th Cir. 1974).

Both Defendants conceded in their sworn testimony that they did not keep records for Legal Assistance Services. Defendant Alejandra De Dyer stated that there were no books and records in either a computer or paper form. Oral Deposition of Alejandra Alvarez De Dyer, June 11, 2015 ("TX Ex. A") at pp. 105–06. Additionally, Defendant Alejandra De Dyer stated that she did not "keep" income and expenses. *Id*. at p. 106. Defendant George Driskell, Jr. also stated that "[t]here was no real bookkeeping" in conjunction with Legal Assistance Services. Oral Deposition of George Allen Driskell, Jr., June 11, 2015 ("TX Ex. B") at p. 19. Going further, Defendant George Driskell, Jr. explained that "it's kind of a -- a mess to try to figure out financially exactly what the profit and loss was." *Id.*

While § 727(a)(3) is not appropriately used to deny a discharge to a debtor who through inadvertence maintains less than pristine business records, the Bankruptcy Code does not condone a complete default in maintaining and preserving records from which basic information regarding a debtor's business and financial affairs can be obtained. *United States Trustee v. Caron (In re Caron)*, 411 B.R. 706, 711 (Bankr. D. Or. 2008). The Court may consider if the inadequacy of the records is justified under the circumstances. *First United Bank & Trust Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 438–39 (Bankr. E.D. Tex. 2013). Factors that the Court may consider include: (1) the education, experience, and sophistication of the debtor; (2)

6

the volume of the debtor's business; (3) the complexity of the debtor's business; (4) the amount of credit extended to the debtor in his business; and (5) any other factors the Court may consider in the interest of justice. *Id.*

The Court finds none of these factors to weigh in favor of justifying the complete lack of business records. First, Defendants are well-educated. Defendant Alejandra Alvarez De Dyer has two masters degrees. TX Ex. A at pp. 31–32. Defendant George Driskell, Jr. holds a business degree from Baylor University. TX Ex. B at p. 10. Defendants' business generated a significant volume money, as Defendants deposited $363,841.99 into their bank accounts during 2014. *Subpoena Duces Tecum and Ad Testificandum* served on Defendants May 18, 2015 ("TX Ex. G"). Legal Assistance Services was a complex immigration assistance firm representing detainees. TX x. A at p. 95. There is no evidence cited to the Court about what, if any, credit was extended to the business. The Court finds no other relevant factors to mitigate a complete lack of business records.

Defendants admittedly kept no business records, other than turning over some of their bank accounts.[3] Therefore, the Court finds that the State of Texas has proven there is no genuine issue of material fact concerning whether Defendants failed to keep and preserve business records. As such, the State of Texas's Motion for Summary Judgment as § 727(a)(3) is GRANTED and Defendants are denied a discharge pursuant to § 727(a)(3).

## II. Defendants are denied a discharge pursuant to § 727(a)(4)(A).

It is the plaintiff who has the burden of proving an objection to discharge under § 727(a)(4)(A). ***Beaubouef***, 966 F.2d at 178. "The elements of an objection to discharge under § 727(a)(4)(A) must be proven by a preponderance of the evidence." *Id.* Those elements are:

---

[3] Notably, Defendants initially did not disclose their business account, Bank of America Account, ending in 0538, until after Defendants were questioned about the account at their 341 Meeting.

7

"'(1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.'" *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 566 (5th Cir. 2005) (quoting *Beaubouef*, 966 F.2d at 178). "An omission of an asset can constitute a false oath." *Pratt*, 411 F.3d at 566. Moreover, "Bankruptcy Courts have not construed § 727(a)(4) generally to impose strict liability for the schedules and false statements." *Interfirst Bank Greenville, N.A., v. Morris (In re Morris)*, 58 B.R. 422, 427 (Bankr. N.D. Tex. 1986).

Here, the State of Texas argues that Defendants failed to list a closed account at Wells Fargo; an open account at Bank of America; several sources of income; gifts made to family members; and payments to creditors. The Court finds that Defendants made numerous false statements on their Schedules and Statements of Financial Affairs. First, Defendants failed to list Wells Fargo Account ending in 0416 on Defendants' Original Statement of Financial Affairs that was closed five months prior to bankruptcy. Petition, Schedules, and Statement of Financial Affairs filed October 4, 2014 ("TX Ex. D") at p.12 and Third Party Discovery Bank statements ("TX Ex. H") at pp. 11–12. Second, Defendants failed to list Bank of America Account ending in 0538. Texas Exs. D at p.12 and H at pp. 1–10. Third, Defendants failed to disclose all sources of income. Defendant George Allen Driskell, Jr. admitted to spending funds received from a pension policy that was not originally disclosed. TX Ex. B at pp. 36–39 and Amended Statement of Financial Affairs ("TX Ex. E"). Finally, Defendants failed to disclose numerous gifts on their Original Statement of Financial Affairs. TX Ex. D at p. 12.

Defendants argue that any false statements or omissions were the result of mere inadvertence and without any intent to defraud creditors. Nonetheless, a debtor need not have

8

acted deliberately to deceive. *Beaubouef*, 966 F.2d at 178. "It makes no difference that [the debtor] does not intend to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice, them." *Id.* (quoting *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (*per curiam*)). The requisite intent can be shown by establishing that the debtor acted with reckless disregard for the truth, which can be proven by circumstantial evidence. *Shuldra v. Chilmark Fin., LLP* (*In re Sholdra)*, 249 F.3d 380, 382 (5th Cir. 2001). Here, the Court finds that given the nature and numerosity of omissions and the fact that these omissions were generally not cured until after uncovered by a creditor, the State of Texas has proven a reckless disregard for the truth.

Finally, the Court finds that the omissions related materially to the bankruptcy case. The Wells Fargo account ending in 0416 had a balance of $21,109.43 in 2014, while the Bank of American account ending in 0538 had $185,699.85 in deposits in 2014. Voluminous Records Affidavit ("TX Ex. F"). Nonetheless, the materiality of an omission is not solely based on the value of the item omitted or whether it was detrimental to creditors. *Duncan*, 562 F.3d at 695. Rather, the statement need only "bear [ ] a relationship to the bankrupt's business transactions or estate, or concern[ ] the discovery of assets, business dealings, or the existence and disposition of his property." *Id*. Here, the Court finds that the State of Texas has conclusively proven that Defendants' omissions bore a relationship to Defendants' business transactions and the discovery of assets. Therefore, the State of Texas's Motion for Summary Judgment as to § 727(a)(4)(A) is GRANTED and Defendants are denied a discharge pursuant to § 727(a)(4)(A).

### III. Defendants are denied a discharge pursuant to § 727(a)(5).

Section 727(a)(5) provides that a debtor will be denied a discharge where the debtor fails to explain satisfactorily the loss of assets or deficiency of assets to meet the debtor's liabilities.

Section 727(a)(5) does not require specific allegations of fraud but does require that the plaintiff identify which assets have been lost. *See* **Nof v. Gannon**, 173 B.R. 313 (Bankr. S.D.N.Y. 1994) (denial of discharge warranted on fraudulent withholding of information). The initial burden is on plaintiffs to show some evidence that assets have been lost and then the debtor to explain what happened to the assets. *See* **Chalik**, 748 F.2d at 619 (11th Cir. 1984) (*per curiam*) (denial of discharge warranted for failure to explain loan of $130,000 to debtor). The burden on the debtor is to explain satisfactorily to the court what has happened because the debtor has access to the operative facts. **Poolquip-McNeme, Inc. v. Hubbard (In re Hubbard)**, 96 B.R. 739, 742 (Bankr. W.D. Tex. 1989).

The State of Texas has shown that on May 7, 2014, Defendants withdrew $9,171.14 in cash from the Wells Fargo Account ending in 0416. TX Ex. H at p. 12. When asked specifically under oath about the withdrawal, Defendant George Driskell, Jr. explained that he probably withdrew the money to pay bills or some of it could have been for bonds for Legal Assistance Services. TX Ex. B at p. 43. Defendants later explained that the paid the chapter 13 trustee, deposited cash into a Chase bank account, and used the remaining amount for living expenses. Defendants Ex. A. Additionally, Defendants withdrew large sums of cash from Bank of America account ending in 0538 in April 2014. TX Ex. H at p. 3. Defendants explained that they paid the chapter 13 trustee and deposited cash into a Chase bank account. Defendants also withdrew $16,942.35 from separate Capital One bank accounts. TX Ex. H at pp. 20 (withdrawing $4,219.68 from account ending in 2099), 21 (withdrawing $9,050.28 from account ending in 3546), and 25 (withdrawing $3,672.40 from account ending in 9476).

While Defendants argue that they have explanations for these large cash withdrawals, Defendants have not furnished any reliable summary judgment evidence to satisfactorily explain

what happened to the cash. Defendants did provide summary judgment evidence that Defendant paid $3,340.00 to the chapter 13 trustee in April 2014 and June 2014. Defendants Ex. A. Nonetheless, the Court finds that more than $10,000.00 in cash withdrawals remains unaccounted for. Unless Defendants' assertions are supported by accurate citations to the record, they are merely unsubstantiated assertions which are not competent summary judgment evidence. **Tucker v. SAS Inst., Inc.**, 462 F. Supp. 2d 715, 723 (N.D. Tex. 2006). Therefore, because Defendants have not adequately explained what happened to these assets, the State of Texas's Motion for Summary Judgment as § 727(a)(5) is GRANTED and Defendants are denied a discharge pursuant to § 727(a)(5).

### IV. **Defendants are not denied a discharge pursuant to § 727(a)(2).**

Congress intended § 727(a)(2) to prevent the discharge of a debtor who attempts to avoid payment to creditors by concealing or otherwise disposing of assets. To sustain an objection under § 727(a)(2)(A), the proof must show: " (1) a transfer [or concealment] of property; (2) belonging to the debtor; (3) within one year of the filing of the petition; (4) with intent to hinder, delay, or defraud a creditor or officer of the estate." **Pavy v. Chastant (In re Chastant)**, 873 F.2d 89, 90 (5th Cir.1989). A plaintiff bears the burden to prove an intent to defraud by furnishing evidence of actual intent to defraud creditors; constructive intent is insufficient. *Id*. at 91. "Given the obvious problems of proof, though, actual intent may be inferred from the actions of the debtor and may be shown by circumstantial evidence**. Robertson v. Dennis (In re Dennis)**, 330 F.3d 696, 701–02.

Here, the State of Texas argues that Defendants impermissibly transferred assets in the form of gifts totaling $23,500 and large cash withdrawals within the weeks and months prior to filing for bankruptcy. ECF No. 14 at ¶¶66–67. While the State of Texas has shown that there were transfers of assets belonging to the debtor within one year of the filing of the petition, there

11

is no summary judgment evidence that these transfers were done with the intent to hinder, delay, or defraud a creditor or officer of the estate. The crux of the State of Texas's argument is that "unexplained withdrawals and undisclosed gifts are intentional as evidenced by their proximity to the Texas's investigation into violations of DTPA and their proximity to the date of filing." ECF No. 14 at ¶69.

This matter is before the Court as a motion for summary judgment and as such, the Court can only grant summary judgment if no "rational trier of fact could find for the non-moving party based upon evidence before the court." *Sadler*, 909 F.2d at 837. Although the case law concerning § 727(a)(2) permits the Court to infer intent from circumstantial evidence, a rational trier of fact could find that such an inference is not supported by the mere timing of the gifts and withdrawals. As such, the Court finds the State of Texas's Motion for Summary Judgment as § 727(a)(2) is DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff State of Texas's Motion for Summary Judgment (ECF No. 14) is GRANTED and Defendants are denied a discharge under §§ 727(a)(3), 727(a)(4), and 727 (a)(5). The Court finds that Plaintiff State of Texas's Motion for Summary Judgment (ECF No. 14) is DENIED as to § 727(a)(2).

# # #